UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TONY ORAFUNAM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:12-CV-976-B** |
| | § | |
| **AT&T MOBILITY SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint (doc. 20). After review of the Motion, briefing, and applicable law, and for the reasons stated below, the Motion is hereby **DENIED**.

## I.

## BACKGROUND

Plaintiff Tony Orafunam filed this action against Defendant AT&T Mobility Services, LLC ("AT&T") for discrimination based on race, national origin, and age pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e-e–17, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and the Texas Commission on Human Rights Act, Tex. Labor Code Ann. §§ 21.001-21.010. Doc. 1, Pl. Orig. Comp. The Scheduling Order for this case was entered on June 1, 2012 and set the deadline to request leave to amend pleadings as July 27, 2012. Doc. 10, Sched. Order. Orafunam filed the present motion for leave to amend his Complaint on February 4, 2013 (doc. 20). The discovery deadline and dispositive motions deadline, both extended by the Court's Order at document 16, expired on February 11, 2013 and February 25,

2013, respectively. Trial is scheduled for May 6, 2013. Doc. 10, Sched. Order.

**II.**

**LEGAL STANDARD**

Once a court has entered a scheduling order and the deadline for amended pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). Pursuant to Rule 16(b), a scheduling order should not be modified unless there is a showing of good cause. *Id.*; Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Fifth Circuit has set forth four factors to determine whether a movant has established good cause for modification of a scheduling order to allow an untimely amendment of pleadings:

> (1) the explanation for the failure to timely move for leave to amend;
> (2) the importance of the amendment;
> (3) potential prejudice in allowing the amendment; and
> (4) the availability of a continuance to cure such prejudice.

*S&W Enters., L.L.C.*, 315 F.3d at 536 (quotations and alterations omitted). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dall.*, No. 3:03-CV-0256-D, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause. *Id.* Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363-D, 1998 WL 874825, at *1 (N.D. Tex. Dec.

7, 1998)).

Rule 15(a), which governs the substance of amendments and allows for liberal leave to amend, only comes into play once the moving party has demonstrated good cause under Rule 16(b). *S&W Enters.*, 315 F.3d at 536.

**III.**

**ANALYSIS**

In the present case, Orafunam seeks leave to amend his Complaint to add a retaliation cause of action. Because the deadline for amended pleadings has passed, Orafunam must show good cause as to why leave to amend should be granted. *See S&W Enters.*, 315 F.3d at 536.

Orafunam states that he only recently learned of the facts supporting a retaliation cause of action when Defendant AT&T finally responded to a discovery request after a ten month delay in violation of the Federal Rules. In the late response, there are notes taken by an agent of AT&T at a meeting between Orafunam and his managers. Plaintiff alleges that in this meeting during January 2011, "Plaintiff reported his concerns of discrimination being the basis for his failure to promote to his direct supervisor as well as his second level supervisor. Despite excellent performance as reflected in his reviews, Plaintiff was told he had performance problems and then threatened with demotion." Doc. 23, Pl. Reply 8. By his own admission, Plaintiff states he was present at the meeting and heard the allegedly retaliatory threats. There is no allegation that AT&T's recently produced notes indicate any additional, previously-unknown communication regarding retaliation. Because Orafunam himself had personal knowledge of these allegedly retaliatory threats in January 2011, Orafunam did not learn any new facts when AT&T recently produced the notes from that meeting. Thus, the Court concludes that Orafunam has failed to explain his failure to timely move for leave to amend. *See*

*S&W Enters.*, 315 F.3d at 536.

The importance of the amendment weighs only slightly in favor of granting leave to amend. Orafunam states that he "requires the retaliation case to be included in the off chance that any of [his] other claims are dismissed. Plaintiff's case is stronger with a retaliation cause of action supported by clear evidence." Doc. 23, Pl. Reply 4. Regardless of whether his case would be stronger with an additional cause of action, the potential prejudice to AT&T in allowing the amendment is substantial. Discovery has already closed and AT&T has filed a Motion for Summary Judgment. Allowing an Amended Complaint at this stage to add a separate cause of action would require reopening discovery and most likely a second Motion for Summary Judgment from AT&T. Finally, a continuance would not cure the prejudice to AT&T, as Defendant has already prepared and submitted its Motion for Summary Judgment.

In sum, the Court concludes that Orafunam had personal knowledge of the alleged retaliatory acts in January 2011, before this action was even filed. The alleged fact that AT&T failed to comply with a discovery request does not negate Plaintiff's personal knowledge of the events reported in AT&T's discovery response. Further, for the ten months that AT&T failed to produce the document in question, Orafunam did not move to compel production until January 11, 2013, only a month before the close of discovery. Orafunam has failed to demonstrate that "despite his diligence, he could not have reasonably met the scheduling deadline." *Forge*, 2004 WL 1243151, at *2.

Therefore, Orafunam has failed to show good cause as to why leave to amend should be granted. Plaintiff's Motion is hereby **DENIED** pursuant to Fed. R. Civ. P. 16(b).

**SO ORDERED.**

**SIGNED: March 14, 2013.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE