IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY ORAFUNAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-976-B (BF) |
| | § | |
| AT&T MOBILITY SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Tony Orafunam has filed a motion to compel discovery responses from Defendant AT&T Mobility Services, LLC in this race, national origin, and age discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Texas Commission on Human Rights Act, Tex. Labor Code Ann § 21.001-21.010 *et seq.* Succinctly stated, Plaintiff contends that, during his more than eleven year tenure as an employee of Defendant, he applied for a Store Manager position on at least five occasions. Plf. Compl. at 3-4, ¶¶ 19-25; *see also* Plf. Mot. at 1. Each time, the position Plaintiff sought was awarded to a younger, white employee who was allegedly less qualified than Plaintiff. *See* Plf. Compl. at 3-4, ¶¶ 19-25. At issue in this dispute are document requests and interrogatories pertaining to certain of Defendant's other employees whom Plaintiff identifies as "comparators" with respect to his failure to promote claim, including discovery requests which seek:

- resumes and documents reflecting the education and experience of thirteen individuals who were promoted to a Store Manager position ("alleged comparators") during the term of Plaintiff's employment, *see* Plf. RFP Nos. 8 & 20;

- the specific reasons the alleged comparators were promoted to a Store Manager position, *see* Plf. Interrog. No. 4;

- the identities of the managers who promoted the alleged comparators to the position of Store Manager; *see* Plf. Interrog. No. 6; and

- the race, national origin, and age of each of the alleged comparators, *see* Plf. Interrog. No. 7.

Defendant has answered and produced documents only to the extent these discovery requests pertain to employees who were promoted to Store Manager positions for which Plaintiff actually applied. To the extent the requests pertain to any employee who was promoted to a Store Manager position for which Plaintiff never applied, Defendant objects that they are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Def. Resp. at 1, 4-6. By his motion, Plaintiff seeks to compel responses to his discovery requests pertaining to the alleged comparators who were promoted to Store Manager positions for which he never applied.

Plaintiff further seeks to compel Defendant to respond to discovery requests seeking information and materials pertaining to (1) Defendant's investigations of his complaints of discrimination and unfair treatment, *see* Plf. RFP No. 10; (2) the reasons he was not offered a Store Manager position, *see* Plf. RFP No. 16 & Interrog. Nos. 3, 5; and (3) the difference in compensation and benefits between the Store Manager position and an Assistant Store Manager position, *see* Plf. RFP No. 17 & Interrog. No. 20. Finally, Plaintiff seeks a privilege log of withheld documents and an award of costs and fees incurred in connection with his motion.[1] Defendant asserts that it has fully answered Plaintiff's proper discovery requests. The parties have fully briefed their respective positions, and the motion is ripe for determination.

---

[1] Plaintiff concedes that Defendant has produced documents responsive to his RFP Nos. 2, 4, 6, and 11, *see* Plf. Reply at 7, and the Court declines to address any discovery requests that are no longer in dispute.

A.

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information and materials sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Although the scope of discovery under the Federal Rules is traditionally quite broad, it is not boundless. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery of information and materials that are not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b). *Id.* at 352. The initial burden is on Plaintiff, as the moving party, to establish that the information and materials sought are within the scope of permissible discovery. *See Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D.Tex. 2006). Once Plaintiff establishes this threshold burden, Defendant must show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted. *Id.*

In this case, the parties' substantive discovery dispute concerns information and materials pertaining to several individuals identified by Plaintiff as "comparator" employees because they "either applied to the same manager position as Plaintiff *or were individuals trained by Plaintiff who were promoted to management positions with much less experience and/or education*." Plf. Reply at 5 (emphasis added). Defendant objects that information and materials pertaining to employees who were promoted to Store Manager positions for which Plaintiff did not actually apply is not relevant. The Court agrees.

As a general rule, a plaintiff who alleges discrimination with respect to promotions must actually apply for the positions at issue. *See, e.g., Shackelford v. Deloitte & Touche*, LLP, 190 F.3d 398, 406 (5th Cir. 1999). Plaintiff contends that he applied for the position of Store Manager at least

3

seven times. Plf. Reply at 5. Thus, the scope of discovery, including information and materials related to comparator employees, is limited to the seven positions for which Plaintiff alleges he applied. Any evidence regarding positions for which Plaintiff did not actually apply is not relevant to the claims alleged and not reasonable calculated to lead to the discovery of admissible evidence. *See Choate v. Potter*, No. 3:06-CV-2146-L, 2008 WL 906784, at *2 n.1 (N.D. Tex. Apr. 3, 2008) (specifically rejecting argument that plaintiff was entitled to discovery pertaining to employees who were hired for positions to which plaintiff did not apply); *Wagner v. Novartis Pharmaceuticals Corp.*, No. 3:07-CV-129, 2008 WL 426503, at *1 (E.D. Tenn. Feb. 14, 2008) (sustaining objection to plaintiff's discovery request for personnel files of individuals that were promoted to managerial positions during plaintiff's employment with defendant on grounds that information relating to positions for which plaintiff did not apply is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence).

Accordingly, Plaintiff's motion to compel is denied with respect to any request for information or materials that is not related to one of the seven positions for which Plaintiff actually applied. To the extent Defendant has not yet produced information and materials pertaining to one of the seven positions identified by Plaintiff in his pleadings or at his deposition as a position for which he actually applied,[2] Defendant shall produce such information and materials by June 10, 2013.

---

[2] It is not clear whether Defendant has fully answered Plaintiff's discovery requests with regard to the seven positions at issue. Defendant asserts that it has "supplemented its production and produced resumes for individuals selected as Store Manager during any time that Plaintiff applied[.]" Def. Resp. at 5, n.9. However, Plaintiff contends that Defendant has only produced resumes for four individuals. Plf. Reply at 5.

B.

Plaintiff also moves to compel the production of information and materials pertaining to Defendant's investigations of his complaints of discrimination and unfair treatment, the reasons he was not offered a Store Manager position, the difference in compensation and benefits between the Store Manager position and an Assistant Store Manager position, and a privilege log. *See* Plf. RFP Nos. 10, 16, & 17; Plf. Interrogs. No. 3, 5, & 20. Defendant contends that it has fully answered Plaintiff's discovery requests and even identifies specific responsive documents it has produced. *See* Def. Resp. at 6-9. Plaintiff does not explain what additional information or materials he believes is being withheld; he merely asserts that Defendant's response is insufficient. Defendant does not respond to Plaintiff's arguments regarding the missing privilege log.

The Court cannot compel Defendant to provide information or materials that do not exist. However, Plaintiff is entitled to an unequivocal representation by Defendant, under oath, that no additional responsive information or materials exist. Plaintiff also is entitled to a privilege log prepared in conformity with Federal Rule of Civil Procedure 26(b)(5). Defendant shall provide Plaintiff with both of these items by June 10, 2013.

C.

Finally, Plaintiff requests costs and attorney's fees in connection with his motion. The Federal Rules empower a court to award reasonable expenses to the prevailing party in a discovery dispute unless the position advanced by the other party is "substantially justified" or "other circumstances make an award of expenses unjust." *See* FED.R.CIV.P. 37(a)(5)(A) & (B). In light of the fact that Plaintiff failed to obtained all the relief he requested, and that Defendant's position was substantially justified, at least with respect to several of the alleged comparator employees, the Court determines that Plaintiff should bear his own costs and expenses.

## CONCLUSION

For these reasons, Plaintiff's Motion to Compel Responses to Plaintiff's Interrogatories and Requests for Production (Doc. 17) is GRANTED in part and DENIED in part. On or before June 10, 2013, Defendant shall produce to opposing counsel (1) information and materials responsive to Plaintiff's RFP Nos. 8 & 20 and Interrogatory Nos. 4, 6, & 7, but only to the extent such information and materials relate to one of seven Store Manager positions for which Plaintiff alleges he actually applied; (2) an unequivocal representation by Defendant, under oath, that no additional information or materials exists that is responsive to Plaintiff's RFP Nos. 10, 16, & 17 and Interrogatories No. 3, 5, & 20; and (3) a privilege log properly identifying all responsive documents that have been withheld from production on grounds of attorney-client privilege, work product, or other privilege. In all other respects, Plaintiff's motion to compel is DENIED.

SO ORDERED, May June 3, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE